## FAUSETT v. GENERAL ELECTRIC CONTRACTS CORPORATION et al.

No. 6251. Decided June 23, 1941. (114 P. 2d 205.)

For prior opinion, see 100 Utah, 259, 112 P. 2d 149.

*Fabian, Clendenin, Moffat & Mabey,* of Salt Lake City, and *S. J. Sweetring,* of Price, for appellants.

*F. B. Hammond,* of Price, for respondent.

PRATT, Justice.

In his petition for rehearing respondent contends that this case is in conflict with the case of *Columbia Airways* v. *Stevens,* 80 Utah 215, 14 P. 2d 984. In that case the vendor, after accepting delinquent payments, seized the property without giving the vendee notice that he must comply with the terms of the contract to avoid forfeiture. That, however, is not the fact in this case.

This contract called for 13 monthly installments, starting on July 25, 1938. The last installment would be due July 25, 1939. On May 11, 1939, the company notified respondent that due to his lack of response to the company letter of May 4, 1939, a letter giving him until May 10th to arrange some final disposition of the account, they were instructing the dealer to take immediate action to enforce the penalties of the contract, but that the merchandise could be retained if the balance due on the contract were paid. The balance mentioned was $66.64, the admitted balance unpaid upon the contract. The company by that letter indicated that it was going to enforce the terms of the contract. Respondent's contention that subsequent to that time $15 was paid to Mr. Holdaway as agent for the company is inconsistent with the testimony and pleadings submitted on his behalf indicative of the fact that the true balance unpaid on the contract was $66.64. If $15 was paid in the "fore part of May" as contended by respondent, then it must have been prior to this letter, otherwise the balance would not have been $66.64. The property was not seized thereafter until May 29, 1939, approximately 18 days after the letter.

We see no merit to the petition for rehearing. It is denied.

MOFFAT, C. J., and WOLFE, LARSON, and McDONOUGH, JJ., concur.